UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

HERIBERTO PALACIO,

                    Plaintiff,

v.                                         9:08-CV-0858
                                         (GLS/GHL)

LOFTON, BRIAN FISCHER,
SUPERINTENDENT,

                    Defendants.

_____

APPEARANCES:                          OF COUNSEL:

HERIBERTO PALACIO
Plaintiff *pro se*
1475 Walton Ave. #3L
Bronx, NY 10452

HON. ANDREW M. CUOMO             DAVID L. COCHRAN, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

       This *pro se* prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been

referred to me for Report and Recommendation by the Honorable Gary L. Sharpe, United States

District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules of

Practice for this Court.  Plaintiff Heriberto Palacio alleges that Defendant Lofton used excessive

force on him and that Defendants Brian Fischer and Superintendent were responsible for a

custom or policy under which officers at Greene Correctional Facility were allowed to assault

prisoners with impunity.  Currently pending is the motion of Defendants Fischer and

Superintendent for summary judgment.  (Dkt. No. 33.)  Plaintiff has not opposed the motion,

despite having been advised of the consequences of failing to do so and  having been granted two

extensions of the deadline by which to do so.  (Dkt. No. 33-1; Text Order of February 22, 2010;

Text Order of May 4, 2010.)  For the reasons discussed below, I recommend that Defendants'

motion for summary judgment be granted.

## I.      BACKGROUND

Plaintiff alleges that on July 3, 2007, he was assaulted and battered by Defendant

Correction Officer Lofton in the law library.  (Dkt. No. 1 ¶ 6.)  Plaintiff alleges Defendant Lofton

"threatened [him]  with lies resulting in a new charge, a gang assault, and retaliation if [he] told

anyone." *Id*.

Plaintiff alleges that Defendants Fischer and Superintendent "acquiesced to a pattern and

unwritten policy that permitted the officer . . . to assault prisoners with impunity.  They were

deliberately indifferent to the rights of prisoners, and they ignored and/or covered up acts of

malfeasance and did 'investigations' that were not real investigations . . . [S]upervisory staff

members and officers made comments about the Administration's acquiescence to their illegal

[activities]."  (Dkt. No. 1 ¶ 6.)

Plaintiff claims that Defendants violated his rights under the United States Constitution

and New York law.  (Dkt. No. 1 ¶ 7.)  He seeks compensatory and punitive damages as well as

declaratory relief.  *Id*. at 6-7.

Defendant Lofton was never served with the complaint and has not appeared in the

action.  (Dkt. No. 11.)  According to the Inmate Records Coordinator at Greene Correctional

Facility, there is no officer named Lofton at the institution, but an officer named Luft was working in the law library on the date in question.  *Id*.

Defendants Fischer and Superintendent now move for summary judgment.  (Dkt. No. 33.) Plaintiff requested, and I granted, two sixty-day extensions of time in which to file his opposition.  (Dkt. Nos. 34 and 35.)  Despite these extensions, Plaintiff has not opposed the motion.

## II.   STATUS OF DEFENDANT LOFTON

As noted above, Defendant "Lofton" has not been served, but a letter from Greene Correctional Facility indicates that an individual named "Luft" may be the correct defendant. (Dkt. No. 11.)  Accordingly, the Clerk shall issue a summons and forward it, along with a copy of the complaint, to the United States Marshal for service upon Officer Luft at Greene Correctional Facility.

## III.   APPLICABLE LEGAL STANDARDS

### A.   Legal Standard Governing Unopposed Motions for Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  The party moving for summary judgment bears the initial burden of showing, through the production of admissible evidence, that no genuine issue of material fact exists.  Only after the moving party has met this burden is the non-moving party required to produce evidence demonstrating that genuine issues of material fact exist.  *Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006).  The nonmoving party must do more than "rest upon the

mere allegations . . . of the [plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).  Rather, a dispute regarding a material fact is *genuine* "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining whether a genuine issue of material[1] fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *Major League Baseball Props., Inc. v. Salvino*, 542 F.3d 290, 309 (2d Cir. 2008).

When a plaintiff fails to respond to a defendant's motion for summary judgment, "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically."  *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). Rather, practically speaking, the Court must (1) determine what material facts, if any, are *disputed* in the record presented on the defendants' motion, and (2) assure itself that, based on those *undisputed* material facts, the law indeed warrants judgment for the defendants.  *See Champion*, 76 F.3d at 486; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp. 2d 229, 232 (N.D.N.Y. 2001); N.D.N.Y. L.R. 7.1(b)(3).

Where a plaintiff has failed to properly respond to a defendant's Statement of Material Facts (its "Rule 7.1 Statement"), the facts as set forth in that Rule 7.1 Statement will be accepted as true to the extent that (1) those facts are supported by the evidence in the record, and (2) the non-moving party, if he is proceeding *pro se*, has been specifically advised of the potential

---

[1]        A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson*, 477 U.S. at 248.

consequences of failing to respond to the movant's motion for summary judgment.  *See*

N.D.N.Y. L.R. 7.1(a)(3); *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241,

243 (2d Cir. 2004); *Champion*, 76 F.3d at 486.

Similarly, where a plaintiff has failed to respond to a defendant's properly filed and

facially meritorious memorandum of law, the plaintiff is deemed to have "consented" to the legal

arguments contained in that memorandum of law under Local Rule 7.1(b)(3) of the Local Rules

of Practice for this Court.  Implied in this standard is the fact that, where a non-movant fails to

respond to a motion for summary judgment, a district court has no duty to perform an

independent review of the record to find proof of a factual dispute, even if that non-movant is

proceeding *pro se*.  *See Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002).

This is because even *pro se* plaintiffs must obey the Court's procedural rules.[2]  For example, this

Court has consistently enforced Local Rule 7.1(a)(3) (and its predecessor, Local Rule 7.1[f]), by

deeming facts set forth in a moving party's statement to have been admitted where the opposing

party has failed to properly respond to that statement–even where the opposing party was

proceeding *pro se* in a civil rights case.[3]  Here, however, in an abundance of caution, I have

---

[2]        *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the
pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we
have never suggested that procedural rules in ordinary civil litigation should be interpreted so as
to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806,
834, n. 46 (1975) ("The right of self-representation is not a license . . .  not to comply with
relevant rules of procedural and substantive law."); *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995)
("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally
are required to inform themselves regarding procedural rules and to comply with them.")
[citations omitted].

[3]        *See, e.g.*, *DeMar v. Car-Freshner Corp.*, 49 F. Supp. 2d 84, 86 & n.1 (N.D.N.Y.
1999) (McAvoy, C.J.) (*pro se* civil rights case); *Costello v. Norton*, No. 96-CV-1634, 1998 WL
743710, at *1, n.1 (N.D.N.Y. Oct. 21, 1998) (McAvoy, C.J.) (*pro se* civil rights case); *Squair v.*

independently reviewed the entire record.

        **B.**        **Legal Standard Governing Motion to Dismiss for Failure to State a Claim**

To the extent that a defendant's motion for summary judgment under Federal Rule of

Civil Procedure 56 is based entirely on the allegations of the plaintiff's complaint, such a motion

is functionally the same as a motion to dismiss for failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6).  As a result, "[w]here appropriate, a trial judge may dismiss for failure

to state a cause of action upon motion for summary judgment."  *Schwartz v. Compagnise Gen.*

*Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968) (citations omitted); *accord*, *Katz v. Molic*, 128

F.R.D. 35, 37-38 (S.D.N.Y. 1989) ("This Court finds that . . . a conversion [of a Rule 56

summary judgment motion to a Rule 12(b)(6) motion to dismiss the complaint] is proper with or

without notice to the parties.").  Accordingly, it is appropriate to summarize the legal standard

governing Federal Rule of Civil Procedure 12(b)(6) motions to dismiss.

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure

12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted.

 In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*,

"a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means

that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell*

---

*O'Brien & Gere Eng'rs, Inc.*, No. 96-CV-1812, 1998 WL 566773, at *1, n.2 (N.D.N.Y. Aug. 21, 1998) (Scullin, J.) (*pro se* civil rights case); *see also Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing district courts' discretion to adopt local rules like 7.1[a][3], in *pro se* civil rights case).

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).  "Determining whether

a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial

experience and common sense . . . [W]here the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged - but it has not shown -

that the pleader is entitled to relief."  *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the

material facts alleged in the complaint as true and construe all reasonable inferences in the

plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

Courts are "obligated to construe a *pro se* complaint liberally."  *Harris v. Mills*, 572 F.3d 66, 72

(2d Cir. 2009).  However, "the tenet that a court must accept as true all of the allegations

contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*,

129 S. Ct. at 1949.

## IV.     ANALYSIS

Defendants Fischer and Superintendent argue that the claims against them should be

dismissed because there is no evidence that they were personally involved in any constitutional

violation.  (Dkt. No. 33-5 at 3-4.)  Defendants are correct.

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a

prerequisite to an award of damages under § 1983.'"  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.

1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).  In order to

prevail on a cause of action under 42 U.S.C. § 1983 against an individual, a plaintiff must show

some tangible connection between the unlawful conduct and the defendant.  *Bass v. Jackson*, 790

F.2d 260, 263 (2d Cir. 1986).  If the defendant is a supervisory official, a mere "linkage" to the

unlawful conduct through "the prison chain of command" (i.e., under the doctrine of *respondeat*

*superior*) is insufficient to show his or her personal involvement in that unlawful conduct.  *Polk*

*County v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir.

2003); *Wright*, 21 F.3d at 501; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985).  In other

words, supervisory officials may not be held liable merely because they held a position of

authority.  *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).  Rather, supervisory personnel may

be considered "personally involved" if they (1) directly participated in the violation, (2) failed to

remedy that violation after learning of it through a report or appeal, (3) created, or allowed to

continue, a policy or custom under which the violation occurred, (4) had been grossly negligent

in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the

rights of inmates by failing to act on information indicating that the violation was occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[4]

Defendants argue that "just because a prisoner writes to supervisory officials about

instances of alleged mistreatment does not, alone, justify holding those supervisory officials

liable under Section 1983.  (Dkt. No. 33-5 at 3-4.)  Defendants' statement of the law is correct,

but that point of law is inapplicable to this case.  Plaintiff's complaint does not allege that he

wrote to Defendants Fischer or Superintendent about the alleged assault.  Plaintiff testified at his

deposition that he wrote to Defendant Fischer at some point to complain about the way the

---

[4]        The Supreme Court's decision in *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937
(2009) arguably casts in doubt the continued viability of some of the categories set forth in
*Colon*. *See Sash v. United States*, 674 F. Supp. 2d 531 (S.D.N.Y. 2009).  Here, the Court will
assume *arguendo* that all of the *Colon* categories apply.

officers at Greene Correctional Facility treated younger inmates, but he was not able to remember

whether he wrote this letter before or after the alleged assault.  (Dkt. No. 33-3 at 16:15-21, 18:20-

24.)  Rather, the complaint alleges that Defendants Fischer and Superintendent are liable because

they allowed a custom of excessive force by guards to continue at the facility.  (Dkt. No. 1 ¶ 6.)

At his deposition, Plaintiff testified that Defendants Fischer and Superintendent "did not exercise

due diligence to prevent these types of things from happening and they allowed the officers to get

away with this to the point where it became acceptable and a practice.  And as a result of them

allowing that, I was injured."  (Dkt. No. 33-3 at 9:21-10:1.)

Plaintiff's allegation that Defendants Fischer and Superintendent were aware of and

condoned a practice of abuse of prisoners is sufficient to state a claim that these Defendants were

personally involved.  *See, e.g., Marzocco v. Billings*, No. 9:08-CV-83, 2009 U.S. Dist. LEXIS

799, at *5-7, 2009 WL 57511, at *2 (N.D.N.Y. Jan. 7, 2009) (McAvoy, J.) (finding that prisoner

stated a claim by alleging that Commissioner had a policy and practice of being deliberately

indifferent to the use of excessive force).[5]  *Compare Benjamin v. Commissioner*, No. 02 Civ.

1703, 2006 U.S. Dist. LEXIS 13623, at *18, 2006 WL 783380, at * 5 (S.D.N.Y. Mar. 8, 2006)

(granting Commissioner's motion to dismiss on personal involvement grounds where "nothing in

the complaint suggests that Goord sanctioned a custom or policy encouraging excessive force or

was grossly negligent in supervising or training subordinates.").[6]

---

[5]      The Court will provide Plaintiff with a copy of this unpublished decision in
accordance with the Second Circuit's decision in *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).


[6]      The Court will provide Plaintiff with a copy of this unpublished decision in
accordance with the Second Circuit's decision in *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

However, to survive summary judgment, Plaintiff must do more than merely state a

claim.  He must produce evidence that would allow a reasonable juror to conclude that he is

entitled to judgment.  Where, as here, the Court chooses to conduct such an independent review

of the record on an unopposed motion for summary judgment, any verified complaint filed by the

plaintiff should be treated as an affidavit.  *See Patterson v. County of Oneida*, 375 F.3d 206, 219

(2d. Cir. 2004) ("[A] verified pleading . . . has the effect of an affidavit and may be relied upon to

oppose summary judgment."); *Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir. 2001)

(holding that plaintiff "was entitled to rely on [his verified amended complaint] in opposing

summary judgment"), *cert. denied*, 536 U.S. 922 (2002); *Colon*, 58 F.3d at 872 ("A verified

complaint is to be treated as an affidavit for summary judgment purposes.") (citations omitted).

To be sufficient to create a factual issue for purposes of a summary judgment motion, an affidavit

(or verified complaint) must, among other things, be based "on personal knowledge."  Fed. R.

Civ. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out

facts that would be admissible in evidence, and show that the affiant is competent to testify on

the matters stated.").  An affidavit (or verified complaint) is not based on personal knowledge if,

for example, it is based on mere "information and belief" or hearsay.  *See Patterson*, 375 F.3d at

219; *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988); *Applegate v. Top

Assoc., Inc.*, 425 F.2d 92, 97 (2d Cir. 1970) (rejecting affidavit made on "suspicion . . . rumor

and hearsay"); *Spence v. Maryland Cas. Co.*, 803 F. Supp. 649, 664 (W.D.N.Y. 1992) (rejecting

affidavit made on "secondhand information and hearsay"), *aff'd*, 995 F. 2d 1147 (2d Cir. 1993).

In addition, such an affidavit (or verified complaint) must not be conclusory.  *See* Fed. R. Civ. P.

56(e) (requiring that non-movant "set out specific facts showing that there is a genuine issue for

trial"); *Patterson*, 375 F.3d at 219; *Applegate*, 425 F.2d at 97. An affidavit is conclusory if, for

example, its assertions lack any supporting evidence or are too general.  *See*, *e.g.*, *Bickerstaff v.*

*Vassar Oil*, 196 F.3d 435, 452 (2d Cir. 1999) ("Statements [for example, those made in

affidavits, deposition testimony or trial testimony] that are devoid of any specifics, but replete

with conclusions, are insufficient to defeat a properly supported motion for summary judgment.")

(citations omitted); *West-Fair Elec. Contractors v. Aetna Cas. & Sur. Co.*, 78 F.3d 61, 63 (2d

Cir. 1996); *Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir. 1985), *cert. denied*, 474 U.S. 829 (1985);

*Applegate*, 425 F.2d at 97. Finally, even where an affidavit (or verified complaint) is

nonconclusory, it may be insufficient to create a factual issue where it possesses the following

two characteristics: (1) it constitutes almost the sole or exclusive basis for a disputed issue of fact

in the case (or, expressed differently, it is largely unsubstantiated by any other direct evidence);

and (2) it is so lacking in credibility that, even after drawing all inferences in the light most

favorable to the non-movant, no reasonable jury could find for the non-movant because the

testimony is incomplete and/or replete with inconsistencies and improbabilities.  *See*, *e.g.*,

*Jeffreys v. City of New York*, 426 F.3d 549, 554-55 (2d Cir. 2005); *Argus, Inc. v. Eastman Kodak*

*Co.*, 801 F.2d 38, 42-46 (2d Cir. 1986); *Olle v. Columbia Univ.*, 332 F. Supp. 2d 599, 612-15

(S.D.N.Y. 2004).

      Here, Plaintiff's verified complaint is insufficient to raise a triable issue of fact.  The

mere assertion in the verified complaint that Defendants Fischer and Superintendent "acquiesced

to a pattern and unwritten policy that permitted the officer and others . . . to assault prisoners with

impunity" is wholly conclusory and based on speculation and conjecture rather than on personal

knowledge.  *See Burns v. Trombly*, 624 F. Supp. 2d 185, 201 (N.D.N.Y. 2008) (granting

supervisor's motion for summary judgment where only evidence that supervisor ordered use of force on prisoner was assertion in prisoner's verified complaint) (Sharpe, J.) (Lowe, M.J.). Therefore, I recommend that Defendants' motion for summary judgment dismissing the constitutional claims against them be granted.  In light of this recommendation, I further recommend that the Court decline to exercise jurisdiction over Plaintiff's state law claims against Defendants Fischer and Superintendent.

**ACCORDINGLY**, it is

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the complaint, to the United States Marshal for service upon Officer Luft at Greene Correctional Facility;  and it is further

**ORDERED** that the Clerk provide Plaintiff with copies of *Marzocco v. Billings*, No. 9:08-CV-83, 2009 U.S. Dist. LEXIS 799, 2009 WL 57511 (N.D.N.Y. Jan. 7, 2009) and *Benjamin v. Commissioner*, No. 02 Civ. 1703, 2006 U.S. Dist. LEXIS 13623, 2006 WL 783380 (S.D.N.Y. Mar. 8, 2006)  in accordance with the Second Circuit's decision in *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009); and it is further

**RECOMMENDED** that Defendants' motion for summary judgment (Dkt. No. 33) be **GRANTED** and that all claims against Defendants Fischer and Superintendent be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72, 6(a).


Dated: July 28, 2010
        Syracuse, New York

George H. Lowe
United States Magistrate Judge